TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LORI BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DEVRY UNIVERSITY INCORPORATED, a Foreign Corporation; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR DISCRIMINATION UNDER TITLE I AND V OR THE AMERICANS WTH DISABILITIES ACT FOR WRONGFUL TERMINATION AND HARASSMENT DUE TO HOSTILE WORK ENVIRONMENT; AND RETALIATION.** |

COMES NOW, Plaintiff LORI BRYANT (hereinafter, "Plaintiff"), by and through her counsel, the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendants as follows:

## PARTIES

1.  At all times relevant hereto, Plaintiff, residing in Clark County, Nevada, suffered and suffers from a bona fide disability of a confidential and private nature that caused her to suffer stress, anxiety and emotional distress, that required her to take leave of absence from her employment. She requested administrative leave from her employer, and her disability issues was known to her employer, Defendant.

2.  Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

1

3. Upon information and belief, at all times relevant hereto, Defendants are or were domestic or foreign corporations or similar business entities organized and existing under the laws of the State of Nevada or which regularly conducted business in Nevada or were foreign corporations which regularly conducted business in Nevada.

4. Defendants regularly employ fifteen or more persons.

5. The true names or capacities, whether individual, corporate, association or otherwise, of Defendants DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein as a DOE and a ROE CORPORATION are responsible in some manner for the events and happenings referred to and caused damages proximately to the Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend its Complaint to insert the true names and capacities of DOES I through X, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

**JURISDICTION AND VENUE**

6. The Defendants are now and was at all times mentioned herein an "employer" of the Plaintiff within the definition of Title I and V or the American's with Disabilities Act of 1990, and amendments thereto, and 42 U.S.C. Section(s) 1201 et seq.; and laws of the State of Nevada.

7. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

8. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendants reside or resided, and/or regularly conducts business and where all the wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

10. Plaintiff was terminated from her employment on or about October 8, 2014, and Plaintiff thereafter timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission [hereinafter "EEOC"].

11. Plaintiff promptly and diligently accommodated all EEOC requests for information and fully cooperated in the agency's investigation of this matter;

12. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

13. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## FACTUAL ALLEGATIONS

14. Plaintiff is a qualified individual with a disability within the meaning of the American's with Disabilities Act of 1990, and amendments thereto, and 42 U.S.C. Section 1201 et seq., and 26 U.S.C. Section 701 et seq., and 29 U.S.C. Section 2601 et seq.

15. Plaintiff was hired by Defendant as a Program Director on or about October 2, 2006, and her last job title was Campus Director.

///

///

16.    Defendant is in the business of for-profit education. Upon information and belief and at all relevant times, Defendant employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks from 2006 to the present time, and was further engaged in an industry directly affecting interstate commerce.

17.    At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Plaintiff's employment were governed and controlled by Defendants equally.

18.    Upon information and belief and at all relevant times, certain individuals were acting as supervisors, agents, servants and/or employees of Defendants. Defendants are therefore liable for the acts and omissions of these individuals pursuant to the principals of ratification, respondeat superior and actual and/or implied agency.

19.    At all relevant times, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of his employment with Plaintiff until she became ill while on the job due to emotional stress. Plaintiff sent an email to her colleagues on or about October 2, 2014, that expressed her issues with Defendants' organization and its failures to address Plaintiff's requests to relocate to assuage her stress and anxieties.

20.    In response to the email, Plaintiff was informed by Defendants' supervisory employee(s) James Bartholomew on or about October 3, 2014, that she was placed on administrative leave temporarily and was told that she could not work due to her temporary impairment. Plaintiff sought medical and psychological assistance and therapy and requested short term disability and temporary leave through Defendants' short term disability insurer and manager. She was told that her employer was informed of her need for temporary leave and accommodation on or about October 6, 2014.

///

///

4

21. On or about October 13, 2014, Plaintiff received written notification from Defendants' supervisory employee(s) James Washington that she was terminated as of October 9, 2014. Plaintiff contacted Defendants' employee(s) Alana Hurt at that contemporary time to understand why she was being terminated, Hurt told Plaintiff that she had resigned her position. Plaintiff, in fact, did not resign her position.

22. Plaintiff attempted to correct Defendants and engage in an interactive process whereby she could become accommodated for her issues, and emailed Defendants' supervisory employee(s) Lori Davis on or about October 17, 2014 that she did not intend to resign but to relocate to another campus location of Defendants. Davis told Plaintiff that she was being terminated or was terminated for misconduct and she was being involuntarily terminated from her position with Defendants. Plaintiff, in fact, did not engage in any misconduct while employed with Defendants.

23. Although her disability was known to her employer, she was terminated despite Defendant requesting accommodation and providing evidence that Plaintiff, in fact, suffered from a bona fide disability and did not resign. Defendant, despite knowledge of her disability and knowledge that Plaintiff did not intend to resign but in fact was recommended to take temporary leave as an accommodation, provided accommodation initially only to have that accommodation rescinded by Defendant without notice or opportunity for engagement in an interactive process for accommodation for her disability.

24. Plaintiff was disingenuously accused of misconduct when Defendants knew full well that Plaintiff did nothing whatsoever in the nature of misconduct and Plaintiff was discharged by her employer on or about October 8, 2014.

///

///

///

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Wrongful Termination Under the ADA

25.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

26.     Defendants initially provided accommodation to Plaintiff, then revoked accommodation and thereafter refused to provide Plaintiff with reasonable accommodation for her disability, although Plaintiff was capable of performing her duties.

27.     Defendants continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in her position because of her disability.

28.     Defendants' termination of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff.  Defendants terminated Plaintiff without just cause and because of her disability.

29.     Such adverse employment actions by Defendants were in violation of the ADA.

30.     Following Defendants' termination of Plaintiff, based upon information and belief, Plaintiff was replaced by a non-disabled individual.

31.     As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

32.     Plaintiff should be awarded punitive damages as well because of Defendants' extreme and outrageous conduct.

///

33. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## SECOND CAUSE OF ACTION

### Retaliation Under the ADA

31. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

32. Defendant initially provided accommodation to Plaintiff, then revoked accommodation and thereafter refused to provide Plaintiff with reasonable accommodation for her disability, although Plaintiff was capable of performing her duties, in retaliation for seeking short term disability and temporary leave.

33. Defendant continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in her position because of her disability, but retaliated against Plaintiff for her requesting short term disability and leave at the advice and recommendation of Defendants' supervisory employee(s).

34. Defendants' termination of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff. Defendants terminated Plaintiff without just cause and because of her disability in retaliation for Plaintiff availing herself of medical and psychological treatment.

35. Such adverse employment actions by Defendants were in violation of the ADA.

///

///

///

36. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

37. Plaintiff should be awarded punitive damages as well because of Defendants' extreme and outrageous conduct.

38. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## **REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendants as follows:

1. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and reinstatement to a position Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3. An award to Plaintiff for general damages within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages.

5. An award to Plaintiff for reasonable attorney's fees and costs, including but not limited to expert witness fees, and as provided under state law;

6. An award to Plaintiff of interest on any awards at the highest rate allowed by law; and

7. Such other and further relief as this Court deems just and appropriate.

Dated this 6th day of July, 2016.  **HATFIELD & ASSOCIATES, LTD.**

By:  /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703     South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
            *Attorney for Plaintiff*